UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
LOCAL #46 METALLIC LATHERS UNION &  :
REINFORCING IRON WORKERS WELFARE TRUST,:
ANNUITY, PENSION, APPRENTICESHIP,   :  Memorandum & Order
VACATION, SCHOLARSHIP, & OTHER FUNDS, et :  10-CV-1924 (ERK)
al.,                                :
                                    :
           Plaintiffs,              :
                                    :
    -against-                       :
                                    :
ATLAS CONCRETE CONSTRUCTION CORP.,  :
                                    :
           Defendant.               :
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

Plaintiffs bring this action to collect unpaid benefit contributions pursuant to the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Defendant acknowledges that it was bound by collective bargaining agreements ("CBAs") to make ERISA contributions for 2005 through 2010 and admits that it owes $101,468.67 in unpaid contributions. Pl. Ex. 3.[1] Plaintiffs now move for summary judgment on their right to recover interest, liquidated damages, and attorney's fees and costs.[2] Defendant has not filed any opposition to plaintiffs' motion.

DISCUSSION

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Defendant has not filed any opposition to plaintiffs' motion for summary judgment. Nevertheless, even "where the non-moving party chooses the perilous path of failing to submit a response to a summary judgment motion," the court must examine the moving

---

[1] "Pl. Ex." refers to plaintiffs' exhibits attached to their motion for summary judgment, Docket Entry 23.
[2] The parties have consented to have me decide their motion pursuant to 28 U.S.C. § 636(c). Docket Entry 19.

party's submission "to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Plaintiffs here have met their burden of establishing no genuine issue of material fact remains.

Having reviewed plaintiffs' submissions, I find that defendant's liability for the unpaid contributions and related relief under ERISA is clear. Defendant admits that it is bound to three CBAs for the relevant period and further acknowledges that it owes plaintiffs $101,468.67 in unpaid contributions pursuant to the CBAs. Pl. Ex. 3. The types of relief that may be awarded for a violation of § 1145 are enumerated in § 1132(g)(2), which provides that

> the court shall award the plan–
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of–
>    (i) interest on the unpaid contributions, or
>    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate

29 U.S.C. § 1132(g)(2).[3] Because defendant concedes that it owes unpaid ERISA contributions, plaintiffs are entitled under ERISA and the terms of the CBAs to recover interest, liquidated damages, and fees and costs.

Plaintiffs seek interest at the rate of 12% per annum, beginning from the end of each audit period. Kaming Aff. ¶¶ 8, 9.[4] These are reasonable dates from which interest should accrue. Pursuant to the latter two CBAs, the applicable interest rate is 12% per annum. 2005-

---

[3] It is not clear whether the $101,468.47 in unpaid contributions includes non-ERISA contributions for union dues and check-off contributions. Plaintiffs are not entitled to the § 1132 relief for non-ERISA funds. Accordingly, plaintiffs shall verify in a letter to the court that the unpaid contributions are solely for ERISA funds no later than August 22, 2011.

[4] "Kaming Aff." refers to plaintiffs' Affirmation in Support of Summary Judgment, Docket Entry 23.

2008 CBA, Art. XII (11), Docket Entry 23-7 at 33; 2008-2014 CBA, Art. XII (11), Docket Entry 23-4 at 30. The 2002-2005 CBA, however, indicates that the applicable interest rate is 9%. 2002-2005 CBA Art. XII (5), Docket Entry 23-7 at 13. Accordingly, plaintiffs shall re-calculate the interest for contributions due through June 30, 2005 using an interest rate of 9% per annum.

Plaintiffs also seek liquidated damages in the amount of 20% of the unpaid principal contributions, which they calculate to be $20,293.73. Kaming Aff. ¶ 10. ERISA provides for an award of liquidated damages equal to the greater of the interest due or the amount provided for under the plan, up to a maximum amount of 20% of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). Here, the CBAs state that the Funds are entitled to liquidated damages in "an amount equal or greater of – i) interest on the unpaid contributions, or ii) liquidated damages provided for under the plan in an amount not in excess of twenty percent."[5] 2005-2008 CBA, Art. XII (11), Docket Entry 23-8 at 33; 2008-2014 CBA, Art. XII (11), Docket Entry 23-5 at 30-31. The CBAs do not provide for liquidated damages in the amount of 20%; 20% is merely the cap. The CBAs are silent as to any percentage amount and no other plans or agreements have been submitted. Accordingly, plaintiffs are entitled to liquidated damages in an amount equal to the interest.[6]

Finally, plaintiffs are entitled to attorney's fees pursuant to 29 U.S.C. § 1132(g)(2)(D). *See also Trs. of the Local 531 Pension Plan v. Corner Distribs., Inc.*, 2008 WL 2687085, at *7 (E.D.N.Y. July 8, 2008). Plaintiffs have submitted contemporaneous time records with their motion in compliance with *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) and *Scott v. City of New York*, 643 F.3d 56, 58-59 (2d Cir. 2011).

---

[5] The 2002-2005 CBA again differs with the later CBAs and is actually silent as to any liquidated damages. *See* 2002-2005 CBA Art. XII (5), Docket Entry 23-7 at 13. Nonetheless, plaintiffs are entitled under ERISA to liquidated damages in the amount of interest for contributions due through June 30, 2005. 29 U.S.C. § 1132(g)(2)(C).

[6] In any event, the interest amount is greater than 20% of the principal and ERISA provides that a court should award the *greater* of the interest or liquidated damages amount. 29 U.S.C. § 1132(g)(2)(C).

Plaintiffs seek reimbursement for 32.25 hours at an hourly rate of $190. Kaming Aff. ¶ 11. The hourly rate and the hours expended are reasonable. Thus, plaintiffs are entitled to $6,127.50 in attorney's fees. Plaintiffs also seek costs in the amount of $420, including $350 for the filing fee and $70 for service. Kaming Aff. ¶ 12, Docket Entry 23-1. These costs are reasonable and compensable.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for summary judgment is granted. Plaintiffs are entitled to recover interest, liquidated damages, and attorney's fees and costs pursuant to ERISA. Plaintiffs shall submit a proposed judgment in accordance with this opinion no later than August 22, 2011.

SO ORDERED.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
August 4, 2011

*U:\eoc 2011\local #46 v atlas concrete.docx*